NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**BARBARA A. HAYES-LIBBY,**

*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF
VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2025-1384

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-3817, Judge Joseph L. Toth.

---

Decided:  July 11, 2025

---

BARBARA A. HAYES-LIBBY, San Antonio, TX, pro se.

MEREDYTH COHEN HAVASY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before LOURIE and PROST, *Circuit Judges*, and BUMB, *Chief District Judge*.[1]

PER CURIAM.

Barbara A. Hayes-Libby appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying an earlier effective date for her service-connection claim. *Hayes-Libby v. McDonough*, No. 23-3817, 2024 WL 3817216 (Vet. App. Aug. 15, 2024) ("*Decision*"). For the reasons set forth below, we dismiss.

## BACKGROUND

Ms. Hayes-Libby served on active duty in the U.S. Air Force from August 1974 to August 1995. S.A. 14.[2] Shortly before separation, she filed a service-connection claim for a right hand and arm disability and a left ankle disability. *Decision*, 2024 WL 3817216, at *1. In 1996, a Department of Veterans Affairs ("VA") regional office ("RO") granted service connection for her left-ankle disability and "assigned a noncompensable (0%) rating." *Id.* The RO determined that Ms. Hayes-Libby's "right arm claim was not well-grounded, so she should submit evidence supporting the claim within one year of the decision" or otherwise her claim would be considered incomplete. *Id.* Ms. Hayes-Libby filed a notice of disagreement ("NOD") and the VA issued a Statement of the Case continuing the RO decision. Because Ms. Hayes-Libby did not perfect her appeal by submitting a VA Form 9, the VA decision became final. In 2001, the VA denied another right arm condition service-

---

[1]    Honorable Renée M. Bumb, Chief Judge, United States District Court for the District of New Jersey, sitting by designation.

[2]    "S.A." refers to the supplemental appendix included with the government's informal brief.

connection claim filed by Ms. Hayes-Libby. She did not file a NOD with that decision, and it also became final.

In 2011, Ms. Hayes-Libby submitted a claim for increased rating for her left ankle disability and for service-connection for her right arm. *Id.* at \*2. As part of her claim, she alleged clear and unmistakable error ("CUE") in the 1996 RO decision. In 2015, the RO granted a 10% rating for her left ankle disability and awarded service connection with a 20% rating for her right shoulder condition, both effective on May 31, 2011, the date of her most recent claim. Ms. Hayes-Libby filed a NOD with the 2015 RO decision in which she also reasserted her CUE allegations regarding the 1996 RO decision. In 2019 the agency of original jurisdiction ("AOJ") notified her that it would not accept her CUE allegations because she failed to state a valid claim. Ms. Hayes-Libby appealed the 2015 RO decision and, in her appeal, also appeared to disagree with the 2019 AOJ letter rejecting her CUE claim.

In May 2023, the Board of Veterans' Appeals ("Board") remanded the issues of higher rating for her right shoulder disability and left ankle disability. *Id.* The Board, however, denied an earlier effective date for the right shoulder disability and the left ankle disability because the 1996 and 2001 "rating decisions were final, and no formal or informal claim was submitted prior to May 2011." *Id.* at \*2. The Board also found that it lacked jurisdiction to review Ms. Hayes-Libby's CUE allegations because the AOJ had not adjudicated a CUE claim. Ms. Hayes-Libby appealed the Board's decision to the Veterans Court.

Ms. Hayes-Libby raised two main issues before the Veterans Court: (1) CUE in the 1996 RO decision and (2) earlier effective date for her service-connection claims. *Id.* In August 2024, the Veterans Court vacated and remanded the Board's decision regarding CUE in the 1996 RO decision. The Veterans Court concluded that the Board erred in finding no jurisdiction over Ms. Hayes-Libby's CUE

allegations, because the AOJ adjudicated a CUE claim and rejected it for lack of specificity. *Id.* at *3. Regarding the earlier-effective-date issue, the Veterans Court affirmed the Board's decision. The Veterans Court found that Ms. Hayes-Libby did not argue that she made a formal or informal claim between her prior finally decided claims in 1996 and 2001 and the claim on appeal. The Veterans Court also found that she made no argument that her left ankle condition worsened in the year before her claim such that an earlier effective date would be warranted under 38 U.S.C. § 5110(b)(3). As a result, the Veterans Court found no error in the Board's effective-date determinations under 38 U.S.C. § 5110. The Veterans Court dismissed Ms. Hayes-Libby's remaining arguments because they were about additional conditions that were "either not before the [c]ourt or were not before the Board." *Id.*

The Veterans Court granted Ms. Hayes-Libby's motion for panel reconsideration but ordered that "the single-judge decision remains the decision of the [Veterans] Court." S.A. 24–25.

Ms. Hayes-Libby timely appealed. Our jurisdiction over appeals from Veterans Court decisions is governed by 38 U.S.C. § 7292.

## DISCUSSION

The scope of our review in an appeal from a Veterans Court's decision is limited. We may review a Veterans Court's decision on a rule of law or the validity or interpretation of any statue or regulation relied on by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). "[W]e review the Veterans Court's legal determinations de novo." *Blubaugh v. McDonald*, 773 F.3d 1310, 1312 (Fed. Cir. 2014). We "hold unlawful and set aside any regulation or any interpretation

thereof" that we find to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1).

On appeal, Ms. Hayes-Libby mainly challenges the Veterans Court's decision denying an earlier effective date for her service-connection claim. Appellant's Informal Br. 1; Informal Reply Br. 10.

Ms. Hayes-Libby's arguments challenge application of law to facts and are therefore outside our jurisdiction. For example, although she argues that the Veterans Court misinterpreted the effective date under § 5110 and ignored a revised version of § 5110(g), Appellant's Informal Br. 1, the court did not cite to § 5110(g) and its decision did not involve an interpretation of § 5110. Rather, the Veterans Court applied § 5110 to the facts of the case. The court noted that under § 5110 an effective date will generally be the date of receipt of the claim, or the date entitlement arose, whichever is later. *Decision*, 2024 WL 3817216, at *2. The Veterans Court then applied the law to the facts of the case and found that Ms. Hayes-Libby "was assigned an effective date commensurate with the date of her claim to reopen her claims for service connection of a right arm condition and for a higher rating for a left ankle fracture." *Id.* Apart from any CUE, the Veterans Court discerned no reasons for an earlier effective date and determined that Ms. Hayes-Libby "is in receipt of the earliest possible effective date for her claims." *Decision*, 2024 WL 3817216, at *2. We lack jurisdiction to review the Veterans Court's factual determinations or application of law to facts. We therefore dismiss Ms. Hayes-Libby's appeal regarding earlier effective date for her service-connection claims.

Ms. Hayes-Libby's remaining arguments, even construed liberally, do not raise any issue within our jurisdiction. First, Ms. Hayes-Libby appears to argue that the Veterans Court misinterpreted 38 C.F.R. § 3.103(b) in regard to notice of VA decisions, and she appears to argue a procedural due-process violation of her right to notice under § 5103 in connection with her CUE allegations. Appellant's Informal Br. 2. The Veterans Court, however, did not cite to or interpret 38 C.F.R. § 3.103(b) or 38 U.S.C. § 5103, and its decision did not involve notice requirements. Moreover, the Veterans Court remanded her CUE allegations to the Board for reconsideration. *See Decision*, 2024 WL 3817216, at *4. Characterization of an issue "as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007) (quoting *Helfer v. West*, 174 F.3d 1332, 1335 (Fed.Cir.1999)).

Second, Ms. Hayes-Libby appears to argue that the Veterans Court made a "prejudicial finality interpretation" contrary to 38 U.S.C § 7252(b), and that the Veterans Court's decision was contrary 38 U.S.C § 7261(a)(4) and (d). Appellant's Informal Br. 2. The statutory provisions she cites are procedural and jurisdictional provisions that govern review of Board decisions. Ms. Hayes-Libby provides only vague assertions that the Veterans Court violated those provisions, and we can therefore discern no issue within our limited jurisdiction.

Third, Ms. Hayes-Libby appears to argue that the Veterans Court panel of judges engaged in "unethical behavior" by overlooking the "*Frankel* Test applicability" and failed to apply the "two-step test articulated in *Chevron*." Appellant's Informal Br. 2 (citing *Chevron USA Inc. v. Nat. Res. Def. Council*, 467 U.S. 837 (1984)). The Veterans Court's decision, however, does not raise or implicate

issues of deference to agency rules.[3] Further, Ms. Hayes-Libby does not provide any specifics regarding the unethical behavior she alleges. The panel order cited to *Frankel* in finding that Ms. Hayes-Libby failed to present any argument that warrants consideration by the panel. J.A. 24 (citing *Frankel v. Derwinski*, 1 Vet. App. 23, 25–26 (1990)). To the extent her argument concerns the panel order agreeing with the single-judge decision, that decision is an application of law to the facts of the case, over which we lack jurisdiction, as discussed above.

### CONCLUSION

We have considered Ms. Hayes-Libby's remaining arguments and find them unpersuasive. For the foregoing reasons, we dismiss.

**DISMISSED**

### COSTS

No costs.

---

[3] *Chevron* has also been overruled by *Loper Bright*. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024).